UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CAROL SCHNEIDER,                                    CV 05-1402-PK

               Plaintiff,                      OPINION AND ORDER

    v.

UNUM LIFE INSURANCE COMPANY
of AMERICA,

               Defendant.

_____

REDDEN, Judge:

On October 18, 2006, Magistrate Judge Papak issued his Findings and Recommendation (doc. 29) that defendant's motion for summary judgment should be denied. Defendants have filed timely objections, and the matter is now before me

pursuant to 28 U.S.C.§ 636(b)(1)(B) and Fed. R. Civ. P. 72(b) on de novo review.  See 28 U.S.C. § 636(b)(1)(C); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1415 (9th Cir. 1991).

I find no error in Judge Papak's analysis in his Findings and Recommendation and I adopt them as my own along with the following, additional reason why defendant is not entitled to summary judgment.

The facts in this case, including defendant's disability insurance policy language and the communications between defendant and plaintiff regarding plaintiff's disability claim and defendant's response to the claim, have been clearly and accurately stated in the Findings and Recommendation.  In brief, plaintiff made a claim for long term disability benefits arising from injuries she suffered in a car accident.  Defendant originally accepted the disability claim as to plaintiff's claim of anxiety and depression, but subsequently changed the basis of the claim from mental illness to the self-reported condition of fibromyalgia.  Defendant advised plaintiff that "[b]ased on the primary disabling condition being Fibromyalgia, your claim will continue to be managed with a maximum payable period of 24 months [because] Fibromyalgia is considered a self-reporting condition."  By letter dated March 22, 2001, defendant advised plaintiff that she was no longer entitled to benefits because she had received the full 24 months of benefits, to  which she was entitled.  The letter also stated: "[i]f you have any new, additional information to support your request for disability benefits, please send it to my attention."  Plaintiff unsuccessfully appealed the defendant's decision to terminate her disability benefits for fibromyalgia.

Plaintiff brought this action in 2005, alleging her disability was not a self-reporting

condition and disability payments should have continued beyond 24 months.   The issue

is whether the action was timely filed in light of defendant's policy provision limiting the

time for filing such claims to "60 days after proof of claim has been given <u>and up to</u>

<u>three years from the time proof of claim is required</u>."  (Emphasis added).  Plaintiff

asserts this limitation period does not apply and Oregon's six-year limitations period for

contract actions applies.  If the policy provision applies, plaintiff's claim is time-barred.

    Judge Papak concluded that defendant failed to expressly request "proof of

claim," so as to trigger the suit limitation provision.  He relied on <u>Mogck v. Unum Life</u>

<u>Ins. Co.</u>, 292 F.3d 1025 (9th Cir. 2002), in which the Ninth Circuit held that "when an

insurer drafts particular policy terms and procedures relating to the insured's right to

commence a legal action, the insurer must utilize those basic terms and proceedings in

order for the policy provision to be triggered."  <u>Id</u>. at 1028-29. Thus, Judge Papak

concluded, a letter from an insurance company to the insured requesting "new

additional information to support your request for disability benefits" does not constitute

a demand for "proof of claim" sufficient to trigger the running of the policy's 3-year

limitation provision. <u>Cf. Mogck</u>, 292 F.3d at 1028-29.

    Defendant now contends that it did in fact request "proof of claim" sufficient to

trigger the suit limitation provision.  Defendant points to a May 2000 letter that it wrote to

plaintiff while defendant was still paying monthly disability benefits, which stated, "[a]t

this time we need updated certification of your continued disability."  Defendant

contends this statement constituted a demand for further "proof of claim," triggering the

3-year contractual limitations period for filing suit.

I disagree. The phrase "certification of continued disability" is not synonymous with "proof of claim." Moreover, defendant's request for additional information is ambiguous. At the time the request was made in May 2000, defendant had already acknowledged plaintiff's disability. Absent any change in medical condition, defendant was required to continue paying disability benefits, as it did, for another 8 months. Plaintiff could have reasonably interpreted defendant's request for "certification of continued disability" simply as a request for additional medical information that would support the continued payment of disability benefits for plaintiff's self-reporting condition of fibromyalgia, which plaintiff provided and defendant accepted. Plaintiff's present claim, however, is not a claim for disability benefits for the self-reporting condition of fibromyalgia. Rather, plaintiff contends that defendant erroneously classified her disability, and that she is entitled to benefits for a medical condition that would allow for disability payments beyond 24 months. No reasonable person in plaintiff's circumstances could be expected to understand defendant's May 2000 request for "certification of continued disability" as a request for "proof of claim" for any and all disability claims the plaintiff might file.

If defendant intended the May 20, 2000, letter to have the legal effect of triggering the running of the policy's 3-year limitation of action provision, it was incumbent on defendant to make clear to plaintiff the precise claim for which it was seeking additional medical information. Mogck, 292 F.3d at 1029 (an insurance policy, and the correspondence from the insurer stating the terms of the policy as to the tolling of the policy's limitation period, must be "construed liberally in favor of the insured and strictly against the insurer."). Defendant's failure to do so precludes it from relying the

on the 3-year policy limitation period as a defense to plaintiff's claim.

For these reasons, Defendant's motion for summary judgment (doc. 12) is

**DENIED.**

IT IS SO ORDERED.

DATED this  15th  day of February, 2007.


 /s/ James A. Redden
James A. Redden
United States District Judge