**William T. Patton**, OSB No. 97364
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158
Telephone:  (503) 778-2100
Facsimile:  (503) 778-2200

Attorneys for Defendant Unum Life Insurance Company of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **CAROL SCHNEIDER**, | CV No. 3:05-cv-1402-PK |
| Plaintiff, | Defendant Unum's<br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA**, | Pursuant to Fed. R. Civ. P. 12(b)(1) |
| Defendant. | |

## I.  INTRODUCTION

This is a disability insurance dispute.  Plaintiff Carol Schneider alleges that defendant Unum Life Insurance Company of America ("Unum") wrongfully discontinued her long-term disability ("LTD") benefits under an LTD policy that Unum issued to her former employer.

Schneider, however, lacks standing to bring this action against Unum.  Schneider's cause of action accrued no later than December 2001, when Unum issued its final denial of her claim. Schneider filed for bankruptcy in May 2002 and failed to disclose her cause of action against Unum as an asset on her bankruptcy schedules.  It is well-settled that an unscheduled cause of action remains property of the bankruptcy estate even after the bankruptcy case is closed. Because this action belongs to the bankruptcy estate, Schneider lacks standing to pursue it. Thus, this Court lacks subject matter jurisdiction and this case must be dismissed.

PAGE 1 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
            SUBJECT MATTER JURISDICTION

## II.  UNDISPUTED FACTS

In February 1999, Schneider submitted an application to Unum for benefits under the LTD Policy.   Complaint ¶ 11.   In April 1999, Unum advised Schneider that her request for benefits had been approved, subject to the policy's 24-month limitation on payments for disabilities based on self-reported symptoms and mental illness.   Declaration of William Patton in Supp. of Unum's MSJ (Doc. no. 43) ("Patton Dec.") Ex. A at 1-3.

In December 1999, Unum advised Schneider that it had changed her primary disabling condition to fibromyalgia.   *Id.,* Ex. A at 4.   Unum also said that, "your claim will continue to be managed with a maximum payable period of 24 months" because fibromyalgia is a self-reported condition.   *Id.* On March 22, 2001, Unum advised Schneider that she was no longer entitled to LTD benefits because she had received 24 months of benefits.   *Id.,* Ex. A at 6-8.

Schneider retained attorney Judith Lerner to represent her.   In June 2001, Lerner appealed Unum's decision to discontinue Schneider's LTD benefits.   *Id.,* Ex. A at 9-11.   On July 18, 2001, Unum sent a letter to Lerner stating that it would not reverse its decision.   *Id.,* Ex. A at 12. Lerner once again requested that Unum review its decision to discontinue Schneider's LTD benefits.   *Id.,* Ex. A at 13.   Unum upheld its decision.   *Id.,* Ex. A at 14-16.

In letters to Unum dated October 16, 2001, and November 14, 2001, Schneider, through her lawyer, threatened to sue Unum if it did not pay her LTD benefits.   *Id.,* Ex. A at 17, 18, 21. On December 5, 2001, Unum advised Schneider that it was upholding its decision to discontinue her LTD benefits.   *Id.,* Ex. A at 22.   Unum also stated that, "[t]his represents the final review of Ms. Schneider's file."  *Id.*

On May 1, 2002, Schneider and her husband filed a Chapter 7 petition for bankruptcy in the U.S. Bankruptcy Court in Eugene.   *Id.* Ex. B at 1-2; *In re Schneider,* U.S. Bankruptcy Court for the District of Oregon, Case No. 02-63204-aer7.   Schneider also filed her bankruptcy schedules on May 1, 2002.   *Id.,* Ex. B at 6-19.

PAGE 2 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100  FAX: (503) 778-2200
100447.0101/691589.1

Schneider did not disclose her cause of action against Unum on her Schedule B, which requires debtors to "list all personal property of the debtor of whatever kind." *Id.,* Ex. B at 8. In response to Question 20 of Schedule B, which asks for "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," Schneider listed "None." *Id.,* Ex. B at 9. In response to Question 9 of Schedule B, which asks for any "Interest in insurance policies," Schneider listed "None." *Id.,* Ex. B at 8. She also did not list her claim against Unum on her Schedule C, which is the list of all property the debtor claims as exempt from the bankruptcy estate. *Id.,* Ex. B at 10.

On June 11, 2002, the trustee issued a report of no assets in Schneider's bankruptcy case. *Id.,* Ex. B at 30. On September 12, 2002, Judge Albert Radcliffe of the U.S. Bankruptcy Court issued an order discharging Schneider's debts in the amount of $291,393. *Id.,* Ex. B at 6, 33-39.

On September 6, 2005, Schneider filed this lawsuit. Schneider alleges that Unum's decision to discontinue her LTD benefits in 2001 was wrongful. Complaint ¶¶ 17-22, 26.

### III.  STANDARD FOR A RULE 12(b)(1) MOTION TO DISMISS

Federal subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998); *Blackburn v. U.S.,* 100 F.3d 1426, 1435 (9th Cir. 1996). Moreover, "[s]tanding is a necessary element of federal-court jurisdiction. A threshold question in every federal case is, therefore, whether at least one plaintiff has standing." *South Lake Tahoe v. California Tahoe,* 625 F.2d 231, 233 (9th Cir. 1980), *cert. denied* 449 U.S. 1039 (1980); *see also U.S. v. Hays,* 515 U.S. 737, 742 (1995) ("[S]tanding is perhaps the most important of [the jurisdictional] doctrines."); *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974 , 985 (9th Cir. 2007) ("Standing is a threshold matter central to our subject matter jurisdiction."). Thus, if a plaintiff without standing brings an action in federal court, the action must be dismissed under Rule 12(b)(1) because the federal court lacks subject matter jurisdiction. *Cetacean Community v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004).

Under Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter

PAGE 3 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
           SUBJECT MATTER JURISDICTION

jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *Hexom v. Oregon Dept. of Trans.,* 171 F.3d 1134, 1135 (9th Cir. 1999). There is a presumption of a lack of subject matter jurisdiction until the plaintiff affirmatively proves otherwise. *Lanza v. Ashcroft,* 389 F.3d 917, 930 (9th Cir. 2004)

"A party challenging the court's jurisdiction under Rule 12(b)(1) may do so either on the face of the pleadings (a facial attack) or by presenting extrinsic evidence to refute the facts alleged in the complaint (a factual attack). . . . Where the attack is factual, the court may consider evidence presented on the jurisdictional issue and resolve factual disputes, if necessary." *Doe v. Holy See,* 434 F.Supp.2d 925, 932 (D. Or. 2006) (citations omitted). Once the moving party has made a factual attack on jurisdiction by presenting evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *La Reunion Francaise SA v. Barnes,* 247 F.3d 1022, 1026 n.2 (9th Cir. 2001).

Here, Unum has come forward evidence proving that Schneider lacks standing to pursue this lawsuit. Accordingly, this Court lacks subject matter jurisdiction and this case must be dismissed. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV.  ARGUMENT

### A.    Schneider Lacks Standing to Pursue This Lawsuit Against Unum.

Schneider failed to disclose her cause of action against Unum when she filed for bankruptcy in May 2002. Thus, her claim is not an exempt an asset and the trustee has not abandoned it. Instead, Schneider's claim against Unum belongs to the bankruptcy estate. *In re Pace,* 159 B.R. 890, 899, *aff'd,* 67 F.3d 187, 191 n.7 (9th Cir. 1995). Therefore, as discussed below, Schneider lacks standing to pursue this action and it must be dismissed. *Id.*

PAGE 4 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
            SUBJECT MATTER JURISDICTION

100447.0101/691589.1

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100  FAX: (503) 778-2200

1.      **Schneider failed to list her cause of action against Unum in her bankruptcy schedules, as required under the Bankruptcy Code.**

The duties of a debtor in bankruptcy are set forth in 11 U.S.C. § 521 (2002). Among these duties is the requirement that the debtor file "a schedule of assets and liabilities." 11 U.S.C. § 521(a)(1); *see also* Fed. R. Bankr. P. 1007(b)(1). The debtor must do this because the filing of a bankruptcy petition "creates an estate [which] is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

"The scope of § 541 is broad, and includes causes of action." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707 (9th Cir. 1986). For purposes of § 541, any cause of action that has accrued prior to the filing of a bankruptcy petition is an asset that the debtor must list on her schedule of assets. *Cusano v. Klein,* 264 F.3d 936, 946-48 (9th Cir. 2001). It does not matter that the debtor has not actually filed a lawsuit. *Hay v. First Interstate Bank of Kalispell,* 978 F.2d 555, 557 (9th Cir. 1992). In fact, "the subjective intent of the bankruptcy petitioner at the time of the bankruptcy filing to pursue or not pursue the claims is not relevant. The duty of the bankruptcy petitioner is to disclose all actual and potential assets of the bankruptcy estate, not just those assets the petitioner may subjectively choose to pursue." *Rose v. Beverly Health & Rehab. Serv.,* 356 B.R. 18, 25 (E.D. Cal. 2006). Also, a debtor must disclose a cause of action even if she thinks it is worthless. *In re Wood*, 291 B.R. 219, 226 (1st Cir. 2003) ("Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless."); *In re Opra,* 365 B.R. 728 (E.D. Mich. 2007) (same).

Moreover, a cause of action becomes part of the bankruptcy estate even if the debtor fails to list the claim in her schedules. *In re Pace,* 159 B.R. at 898-99; *Correll v. Equifax Check Serv.,* 234 B.R. 8, 10 (D. Conn. 1997). As the Ninth Circuit explained in *Cusano*: "If [the debtor] failed properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and did not revert to [the debtor]." 264 F.3d at 945-46. This is true even if

PAGE 5 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
               SUBJECT MATTER JURISDICTION

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100  FAX: (503) 778-2200

100447.0101/691589.1

the debtor was unaware of the accrued cause of action at the time she filed for bankruptcy. *In re Brown,* 363 B.R. 591, 605 (D. Mont. 2007); *Hay,* 978 F.2d at 557.

The undisputed facts prove that the cause of action that Schneider now asserts against Unum accrued months before she filed for bankruptcy on May 1, 2002. In letters dated October 16, 2001, and November 14, 2001, Schneider, through her attorney, threatened to sue Unum. Patton Dec., Ex. A at 17, 21. Also, on December 5, 2001, Unum advised Schneider that it was upholding its decision to discontinue her benefits. Unum also said, "[t]his represents the final review of Ms. Schneider's file." *Id.,* Ex. A at 22. Thus, Schneider's cause of action against Unum accrued no later than December 5, 2001. *See Wetzel v. Lou Ehlers Cadillac Group LTD Ins. Prog.,* 222 F.3d 643, 649 (9th Cir. 2000) (actions to recover disability benefits accrue when benefits are denied).

Because Schneider's cause of action against Unum accrued before May 1, 2002, she was required to list that cause of action in her bankruptcy schedules. *Cusano,* 264 F.3d at 947. It is undisputed that she failed to do so. Thus, when Schneider filed her bankruptcy petition in May 2002, her claim against Unum became property of the bankruptcy estate. *Id.* at 945-46.

### 2.      Schneider's claim against Unum belongs to the bankruptcy estate because she did not properly exempt it and the trustee has not abandoned it.

A debtor's cause of action remains part of the bankruptcy estate after the case is closed unless: (a) it was properly exempted under 11 U.S.C. § 522, or (b) the bankruptcy trustee abandoned it under 11 U.S.C. § 554. *In re Lopez,* 283 B.R. 22, 28 (9th Cir. 2002); *Gardner v. Johnson,* 195 F.2d 717, 719-20 (9th Cir. 1952); *In re Bailey,* 306 B.R. 391, 392-93 (D. Colo. 2004). As the court explained in *In re Merrill Lynch & Co., Inc. Research Rep. Sec. Lit.,* 375 B.R. 719 (S.D.N.Y. 2007): "Once an asset is transferred to the bankruptcy estate, '[a]ll rights held by a debtor in the property are extinguished, unless the property is exempted from the estate under 11 U.S.C. § 522 or abandoned back to the debtor under 11 U.S.C. § 554.'" 375 B.R. at 725 (quoting *In re Hopkins,*  346 B.R. 294, 303 (E.D.N.Y. 2006)). Moreover, "[b]ecause the

PAGE 6 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100  FAX: (503) 778-2200

100447.0101/691589.1

bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate." *Griffin v. Allstate Ins. Co.,* 920 F.Supp. 127, 130 (C.D. Cal. 1996). Accordingly, the debtor lacks standing to pursue a cause of action that belongs to the bankruptcy estate. *Id.; In re Spirtos,* 443 F.3d 1172, 1176 (9th Cir. 2006) ("[W]e hold that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."); *In re Stoll*, 252 B.R. 492, 495 (9th Cir. 2000)  ("Only a trustee may pursue a cause of action belonging to the bankruptcy estate.").

Thus, Schneider lacks standing to sue Unum unless she can show that she properly exempted her cause of action under § 522, or that the trustee abandoned it under § 554.  As discussed below, she cannot show either of these things.  She therefore lacks standing.

### a. Schneider did not properly exempt her cause of action against Unum.

Once a bankruptcy estate is created, the debtor may "file a list of property that the debtor claims as exempt."  11 U.S.C. § 522(b).  If a debtor fails to list an asset as exempt, the asset is not exempt; instead, it remains part of the bankruptcy estate.  As the court explained in *In re Ross,* 128 B.R. 785 (C.D. Cal. 1991):

> Because of the personal benefit conferred by the exemption provisions, the debtor must comply with the Bankruptcy Code and Rules in order to remove property from the estate by claiming an exemption.  If the debtor fails to comply, the exemption claim is ineffective:  the property remains part of the estate. . . .

128 B.R. at 787 (citing *Gardner,* 195 F.2d at 720); *see also Payne v. Wood,* 775 F.2d 202, 204 (7th Cir. 1985), *cert. den.,* 475 U.S. 1085 (1986) ("If the debtor does not claim an exemption with respect to a particular property, the rule of inclusion stated in § 541 controls, and the property goes to the creditors.") (citing *Gardner,* 195 F.2d at 720-21); *In re Schachter,* 214 B.R. 767, 778 (E.D. Pa. 1997) ("It is well-established that, if a debtor fails to claim certain property as exempt, it is not exempt.").  In *Gardner,* the Ninth Circuit stated that "property is not automatically exempted, but must 'pass to the trustee as a part of the estate'—not to be administered for the benefit of creditors, but to enable him to perform the duties incident to

PAGE 7 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100  FAX: (503) 778-2200
100447.0101/691589.1

setting apart to the bankrupt what, after a hearing, may be found to be exempt.'"  195 F.2d at 720-21.[1]

It is undisputed that Schneider failed to list her cause of action against Unum on any of her bankruptcy schedules.  She did not list it on her Schedule B, as she was required to do.  11 U.S.C. § 521(1) (2002); Fed. R. Bankr. P. 1007(b)(1).  She also did not list it in her Schedule C, which is the list of all property a debtor claims as exempt.  11 U.S.C. §§ 522(b), (*l*).  Thus, her cause of action remains property of the bankruptcy estate.  *Payne,* 775 F.2d at 204

Unum acknowledges that this Court has found that "Schneider's claim against Unum, had she disclosed it on her bankruptcy schedule, would most likely be an exempt asset . . ."  F&R (Doc. no. 76) at 9.  But that does not change the result here.  As the Fifth Circuit recently noted:

> McLain argues that even if his wife received a pre-petition paycheck, it would have been considered exempted property under Tex. Prop. Code § 42.001(b)(1).  However, as the district court correctly noted, the McLains never claimed any exemptions.  "[P]roperty that is entitled to be exempted is initially regarded as estate property until it is claimed and distributed as exempt."  **McLain cannot now retroactively claim an exemption for undisclosed pre-petition cash.**

*In re McLain,* ___ F.3d ___, ___, 2008 WL 274403 (5th Cir. Feb. 1, 2008) (quoting *Cyrak v. Poynor,* 80 B.R. 75, 79 (N.D. Tex. 1987)) (bolding added).  Furthermore, as Judge Radcliffe stated in *In re McAlister,* 56 B.R. 164 (D. Or. 1985):  "even exempt property must initially be regarded as property of the estate and then claimed and distributed as exempt."  56 B.R. at 166; *see also In re Urban,* 361 B.R. 910, 913 (D. Mont. 2007) (noting that once property is deemed an asset of the estate, it remains as such "unless the debtor is entitled to remove, **and in fact affirmatively does remove,** either a portion of the asset, or the entire asset, from the bankruptcy estate through the exemption process.") (bolding added); *In re Murray,* 249 B.R. 223, 230 (E.D.N.Y. 2000) ("Property is not exempt by fiat of the debtor, but only through a process of

---

[1] In *Payne,* the court noted that "*Gardner* interpret[s] the 1898 act rather than the current version, but the mechanics of exemption, as opposed to the substance of what may be exempted, were not changed in the 1978 revisions [of the Bankruptcy Code]."  775 F.2d at 204 n.1.

PAGE 8 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100  FAX: (503) 778-2200

100447.0101/691589.1

compliance with the statutory disclosures and then by order of the bankruptcy court.").

Thus, even if Schneider's claim against Unum would have been exempt if she had disclosed it on her schedules, it remains property of the estate because she did not follow the exemption procedures set forth 11 U.S.C. §§ 522(b), (*l*). Because Schneider's claim belongs to the bankruptcy estate, she lacks standing to pursue this lawsuit.

### b. The trustee did not abandoned Schneider's claim against Unum.

The next question is whether the trustee abandoned Schneider's claim against Unum under 11 U.S.C. § 554. Property of the estate may be abandoned in two ways. First, it may be formally abandoned after "notice and a hearing." 11 U.S.C. § 554(a). Second, it may be abandoned by operation of law if it has been scheduled and not "otherwise administered" at the time the case is closed. 11 U.S.C. § 554(c). "Property of the estate that is not abandoned under [§ 554] and that is not administered in the case remains property of the estate." 11 U.S.C. § 554(d). Accordingly, "**unscheduled property of the estate remains property of the estate after the case is closed.**" *In re JZ L.L.C.,* 371 B.R. 412, 418 (9th Cir. 2007) (bolding added); *see also In re Cheng,* 308 B.R. 448, 461 (9th Cir. 2004), *aff'd,* 160 Fed. Appx. 644 (9th Cir. 2005) ("Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever."). As the Ninth Circuit noted in *JZ L.L.C.*:

> Section 554(d) prompts the question of who controls property of the estate remaining after the case is closed. In chapter 7, the answer is nobody. The trustee ceases to serve when the case closes. *See* 11 U.S.C. § 350(a). Since no Bankruptcy Code provision authorizes a chapter 7 debtor to control property of the estate that remains in such status by virtue of § 554(d), the debtor lacks standing, and nobody is left to take the helm. In short, the chapter 7 estate after closing is a rudderless ship.

371 B.R. at 418; *see also In re Oster,* 293 B.R. 242, 247 (E.D. Cal. 2003) (noting that once a bankruptcy case is closed, "the trustee no longer has any authority over property of the estate.").

Here, as noted, it is undisputed that Schneider failed to list her cause of action against Unum on her bankruptcy schedules. Therefore, her claim has not been abandoned under 11

PAGE 9 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

U.S.C. § 554 and that claim remains property of the bankruptcy estate. Schneider thus lacks standing to pursue this action against Unum. *JZ L.L.C.,* 371 B.R. at 418; *Griffin,* 920 F.Supp. at 130 ("Because the bankruptcy trustee has not abandoned the claim to [plaintiff], he is not the real party in interest and does not have standing to sue.").

       **3.     Because Schneider lacks standing this Court does not have subject matter jurisdiction and this case must be dismissed.**

Standing is a matter of subject matter jurisdiction, and "when subject matter jurisdiction is lacking, the district court 'ha[s] no power to do anything, other than to dismiss the action,' and any order other than to dismiss is a nullity." *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988), *cert denied,* 488 U.S. 1006 (1989); *see also* Fed. R. Civ. P. 12(h)(3); *Arbaugh,* 546 U.S. at 514.

Here, Schneider lacks standing to pursue this lawsuit. Accordingly, this Court lacks subject matter jurisdiction and this case must be dismissed.

## V.  CONCLUSION

For the reasons set forth above, the Court must dismiss this lawsuit.

DATED:  February 19, 2008

                                LANE POWELL PC

                                By /s/ William T. Patton
                                   William T. Patton, OSB No. 97364
                                 (503) 778-2100
                                Attorneys for Defendant Unum Life Insurance
                                Company of America

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100  FAX: (503) 778-2200