IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAROL SCHNEIDER, | CV. 05-1402-PK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

PAPAK, Magistrate Judge:

    Plaintiff Carol Schneider filed this action seeking to recover disability insurance benefits pursuant to the terms of a long-term disability policy issued by defendant Unum Life Insurance Company of America ("Unum"). Unum has moved to dismiss the action on the grounds that this Court lacks subject matter jurisdiction because the cause of action remains the property of the bankruptcy estate and therefore Ms. Schneider lacks standing to bring the claim.

    This court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 because

Page 1 - FINDINGS AND RECOMMENDATION

Schneider is an Oregon resident, Unum is a Maine corporation, and the amount in controversy exceeds $75,000.

For the reasons set forth below, Unum's Motion for Summary Judgment (No. 88) should be denied.

## LEGAL STANDARD

A Rule 12(b)(1) motion can challenge subject matter jurisdiction either on the face of the pleadings or by presenting evidence to refute the facts alleged in the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). If a party mounts a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment" *Id.* Additionally, the court "need not presume the truthfulness of the plaintiffs' allegations." *Id.* Rather the court must determine whether, based on all its submissions, the non-movant has borne its burden of demonstrating entitlement to the federal forum. *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## FACTUAL BACKGROUND

Ms. Schneider was employed as a housing coordinator with the Housing and Community Services Agency of Lane County ("HACSA") in Eugene, Oregon. As a HACSA employee, Schneider was eligible for coverage under the group long term disability policy (the "Policy") issued by Unum to HACSA. In February 1999, Schneider made a claim for long term disability benefits arising from injuries she suffered in a car accident. Unum eventually determined that Schneider's primary disabling condition was fibromyalgia, a "self-reporting condition" and thus subject to a maximum payable period of 24 months. By letter dated March 22, 2001, Unum

advised Schneider that she was no longer entitled to long-term disability benefits because she had received the full 24 months of benefits that Unum maintained was her limit.

Schneider, with the aid of counsel, unsuccessfully appealed Unum's decision to terminate her disability benefits for fibromyalgia. By letter dated December 5, 2001, Unum informed Schneider's lawyer that it had conducted a "final review" of her claim and decided to uphold its decision to discontinue Schneider's long-term disability benefits. On February 26, 2002, Schneider's counsel sent a letter to Schneider, stating "[m]y work on this case is done" and that she was unable to locate another attorney to appeal Unum's decision in state court.

On May 1, 2002, Schneider and her husband filed a pro se voluntary Chapter 7 petition for bankruptcy and related bankruptcy schedules. Schneider did not list a cause of action against Unum as an asset in her bankruptcy petition. On May 24, 2002 Schneider received another letter from her attorney stating that "it did not seem sensible . . . to go any further" with a claim against Unum. Schneider subsequently testified under oath at her bankruptcy hearing that she did not have any lawsuits where she could sue someone else for money. In September 2002, the bankruptcy court granted Schneider's bankruptcy petition and discharged her debt.

In January 2005, Schneider received a letter from Unum informing her that as part of a multi-state settlement with insurance regulators and the Department of Labor, Unum had agreed to implement a claim reassessment process, and that her long term disability claim was eligible for reassessment. Schneider retained counsel and filed this action in September 2005.

On February 12, 2007, Unum moved for summary judgment on grounds of judicial estoppel because Schneider did not disclose her cause of action against Unum in her bankruptcy proceeding. This Court found that the claim was an exempt asset and that Schneider did not

Page 3 - FINDINGS AND RECOMMENDATION

actively conceal the asset because, before filing for bankruptcy, she was led to believe that her claim against Unum had effectively ended. As a result, this Court recommended that the motion for summary judgment be denied because Schneider did not prejudice creditors when she did not disclose her cause of action, nor did she act in bad faith. United States District court Judge James A. Redden agreed and denied the motion. (#83.) This motion to dismiss followed.

## ANALYSIS

A.   **Applicable Bankruptcy Law**

Filing for bankruptcy creates an estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001). Thus, the bankruptcy code places an affirmative duty on the debtor to schedule all assets in the bankruptcy petition. *Id.* A debtor's assets include causes of action that accrued prior to the petition. *Id.* at 947. Courts look to state law to determine when a cause of action accrues. *Id.* This inquiry does not focus on discovery or tolling for statute of limitations purposes, but rather when a cause of action "could have been brought." (citing *In re Swift*, 129 F.3d 792, 796 (5th Cir. 1997) (explaining a cause of action may accrue before the statute of limitations starts to run)).

If a debtor fails to list an asset, that asset continues to belong to the bankruptcy estate after the debt is discharged and the bankruptcy case is closed, even if the asset is exempt. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.* 789 F.2d 705, 709 (9th Cir. 1986); *see also In re JZ L.L.C.*, 371 B.R. 412, 418 (B.A.P. 9th Cir. 2007). The trustee can abandon the asset only after providing notice to creditors. *Sierra Switchboard Co.*, 789 F.2d at 709. Until that occurs, the

asset remains part of the bankruptcy estate, even after the court discharges the debt. *Id.* at 710; *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). As a result, when a debtor fails to schedule a cause of action that accrued prior to bankruptcy, the bankruptcy estate owns the cause of action and the trustee is the real party in interest. *Id.; see also In Re Stoll*, 252 B.R. 492, 495 (B.A.P. 9th Cir. 2000).

Here, Ms. Schneider's claim against Unum accrued at the time Unum allegedly breached her long-term disability insurance contract. *See Assoc. of Unit Owners of Inn at Otter Crest v. Far W. Fed. Bank*, 852 P.2d 218, 224 (Or. Ct. App. 1993) ("The cause of action for breach of contract accrues when the contract is breached.")). Assuming that Unum's denial of coverage constituted a breach, that breach occurred before Schneider filed for bankruptcy in May 2002.[1] Schneider, however, did not report the cause of action as an asset when she filed for bankruptcy. Therefore, the cause of action remains part of the bankruptcy estate, and the trustee is the real party in interest.

### B.     Prudential Standing Versus Constitutional Standing

Unum's motion to dismiss asserts that this Court lacks subject matter jurisdiction because Schneider lacks standing to bring her claim. Unum's argument conflates constitutional and prudential standing. Constitutional standing requires that a plaintiff suffered an "injury in fact" that is fairly traceable to the defendant and that a favorable court decision could redress. *Dunmore*, 358 F.3d at 1111-12 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

---

[1] This Court does not need to determine the exact date the claim accrued to decide this issue. In addition, the Court makes no finding regarding when the statute of limitations started to run, as that inquiry may be affected by state tolling provisions not at issue here. *See Cusano*, 264 F.3d at 947; *In re Swift*, 129 F.3d at 796.

Page 5 - FINDINGS AND RECOMMENDATION

(1992)). If a plaintiff lacks constitutional standing, the suit "is not a 'case or controversy', and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

Prudential standing, on the other hand, requires that a plaintiff assert his or her own legal interests as a real party in interest. *Dunmore*, 358 F.3d at 1112 (citing *Warth v. Seldin*, 442 U.S. 490, 499 (9th Cir. 2004). A plaintiff's lack of prudential standing does not rob the court of subject matter jurisdiction, but rather can be remedied under Federal Rule of Civil Procedure 17(a). *Dunmore*, 358 F.3d at 1112. Rule 17(a)(3) provides that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. Proc. 17(a)(3). In the bankruptcy context, a trustee's proper abandonment of a claim, after providing creditors with notice, may constitute a ratification. *Id.*; *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004). That ratification relates back to the original filing date of the complaint, if the plaintiff's failure to seek that ratification was an "understandable mistake and not a strategic decision." *Dunmore*, 358 F.3d at 1112 (citing *United States v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989)).

Ms. Schneider meets constitutional standing requirements because she alleged an injury in fact--denial of coverage--and that injury is fairly traceable to Unum's actions and is redressable by the court. *See Dunmore*, 358 F.3d at 1112; *Aldridge v. United States* 59 Fed. Cl. 387, 389 (Fed. Cl. 2004). This Court already found that Schneider did not act in bad faith when she failed to list a cause of action against Unum as an asset when she filed for bankruptcy and now finds that she made a reasonable mistake when she sued Unum in her own name. As a result, while

Schneider lacks prudential standing because she is not the real party in interest, her standing defect may be cured and thus does not rob this Court of subject matter jurisdiction. *Dunmore*, 358 F.3d at 1112. Schneider has 60 days to amend her complaint to substitute the bankruptcy trustee as the real party in interest or to have the bankruptcy trustee ratify her cause of action against Unum by formally abandoning it as an asset of the bankruptcy estate. After that time, her claim will again be vulnerable to a motion to dismiss on real party in interest grounds.

## CONCLUSION

For the reasons set forth above, Unum's Motion to Dismiss for Lack of Subject Matter Jurisdiction (No. 88) should be denied.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due April 28 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 14 th day of April, 2008.

Honorable Paul Papak
United States Magistrate Judge